IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA HOWARD, <br><br> Plaintiff, <br><br> v. <br><br> KIMPTON HOTEL & RESTAURANT GROUP, LLC., d/b/a ZENTAN, <br><br> **Serve: CT Corporation System** <br> **Registered Agent** <br> **1015 15th St. NW, Suite 1000** <br> **Washington, D.C. 20005** <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

COMES NOW the plaintiff, Joshua Howard ("Plaintiff" or "Mr. Howard"), by and through his undersigned counsel, John C. Cook, Esq., Philip C. Krone, Esq, and the law firm of Cook Craig & Francuzenko, PLLC, and for his Complaint against the defendant, Kimpton Hotel & Restaurant Group, LLC, d/b/a Zentan Restaurant ("Defendant" or "Zentan"), states as follows:

### NATURE OF THE CASE

1.  This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, by Plaintiff against Defendant for overtime violations of the FLSA and DCMWA.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

1

3. This Court has subject matter jurisdiction over Plaintiff's remaining claim under 28 U.S.C. § 1367(a) because those claims are part of the same controversy as Plaintiff's FLSA claims.

4. This Court has personal jurisdiction over Defendant because it performed the acts complained of within this district.

5. Venue is proper in this district and in this division by virtue of 28 U.S.C. § 1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia.

## THE PARTIES

6. Plaintiff is an adult male resident of Fairfax County in the Commonwealth of Virginia. From September 2016 through February 2017, Mr. Howard was employed by Zentan in its kitchen.

7. Defendant is a Delaware corporation doing business in Washington D.C.

## FACTS

8. Defendant operates a restaurant, Zentan, in Washington D.C. Zentan does business via telephone lines and the internet; accepts reservations online; and orders and receives supplies from other states which have moved through interstate commerce.

9. Upon information and belief, Zentan conducts business with gross revenues over $500,000.00 annually.

10. Thus, Zentan is an enterprise engaged in interstate commerce as defined by the FLSA.

11. In the fall of 2016, Zentan hired Mr. Howard as a sous chef.

12. Mr. Howard performed all of his work at Zentan's restaurant located at 1155 14th Street NW, Washington, D.C.

13. Mr. Howard does not have a specialized four-year degree in culinary arts.

14. Zentan paid Mr. Howard on a salary-basis with an annual salary of $43,000.00 and did not compensate him at different rate for the hours he worked in excess of 40 in a workweek.

15. For the workweek ending on September 18, 2016, Mr. Howard worked 63 hours, including 23 hours in excess of forty hours for that workweek.

16. For the workweek ending on October 2, 2016, Mr. Howard worked 65 hours, including 25 hours in excess of forty hours for that workweek.

17. For the workweek ending on October 9, 2016, Mr. Howard worked 55 hours, including 15 hours in excess of forty hours for that workweek.

18. For the workweek ending on October 16, 2016, Mr. Howard worked 67 hours, including 27 hours in excess of forty hours for that workweek.

19. For the workweek ending on October 23, 2016, Mr. Howard worked 54 hours, including 14 hours in excess of forty hours for that workweek.

20. For the workweek ending on October 30, 2016, Mr. Howard worked 51 hours, including 11 hours in excess of forty hours for that workweek.

21. For the workweek ending on November 6, 2016, Mr. Howard worked 52 hours, including 12 hours in excess of forty hours for that workweek.

22. For the workweek ending on November 13, 2016, Mr. Howard worked 52 hours, including 12 hours in excess of forty hours for that workweek.

23. For the workweek ending on November 20, 2016, Mr. Howard worked 43 hours, including 3 hours in excess of forty hours for that workweek.

24. For the workweek ending on November 27, 2016, Mr. Howard worked 51 hours, including 11 hours in excess of forty hours for that workweek.

25. For the workweek ending on December 4, 2016, Mr. Howard worked 51 hours, including 11 hours in excess of forty hours for that workweek.

26. For the workweek ending on December 11, 2016, Mr. Howard worked 50 hours, including 10 hours in excess of forty hours for that workweek.

27. For the workweek ending on December 18, 2016, Mr. Howard worked 50 hours, including 10 hours in excess of forty hours for that workweek.

28. For the workweek ending on December 25, 2016, Mr. Howard worked 50 hours, including 10 hours in excess of forty hours for that workweek.

29. For the workweek ending on January 1, 2017, Mr. Howard worked 53 hours, including 13 hours in excess of forty hours for that workweek.

30. For the workweek ending on January 8, 2017, Mr. Howard worked 51 hours, including 11 hours in excess of forty hours for that workweek.

31. For the workweek ending on January 15, 2017, Mr. Howard worked 51 hours, including 11 hours in excess of forty hours for that workweek.

32. For the workweek ending on January 22, 2017, Mr. Howard worked 50 hours, including 10 hours in excess of forty hours for that workweek.

33. For the workweek ending on January 29, 2017, Mr. Howard worked 52 hours, including 12 hours in excess of forty hours for that workweek.

34. For the workweek ending on February 5, 2017, Mr. Howard worked 50 hours, including 10 hours in excess of forty hours for that workweek.

35. For the workweek ending on February 12, 2017, Mr. Howard worked 52 hours, including 12 hours in excess of forty hours for that workweek.

36. For the workweek ending on February 19, 2017, Mr. Howard worked 50 hours, including 10 hours in excess of forty hours for that workweek.

37. For the workweek ending on February 26, 2017, Mr. Howard worked 51 hours, including 11 hours in excess of forty hours for that workweek.

38. From September 13, 2016 through February 26, 2017, Mr. Howard worked approximately 294 hours of overtime.

39. For each of those weeks, Zentan paid Mr. Howard a weekly salary of $826.92.

40. Mr. Howard should not have been classified as a salaried employee. He should have been classified as hourly and entitled to overtime pay.

## COUNT I
### (Violation of FLSA Overtime Requirements - 29 U.S.C. § 201 *et seq.*)

41. Mr. Howard re-states and re-alleges the allegations contained in the preceding paragraphs.

42. Zentan did not properly compensate Mr. Howard for all hours Zentan required him to work and/or for all hours which Zentan permitted him to work with the actual or constructive knowledge of Zentan.

43. Zentan willfully required Mr. Howard to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

44. Zentan did not pay Mr. Howard one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

45. From September 13, 2016 through February 26, 2017, Mr. Howard worked approximately 294 hours of overtime, which amounts to $6,719.03 of uncompensated overtime wages.

46. By reason of the foregoing, Mr. Howard has been damaged and is due unpaid overtime wages in the amount of $6,719.03, or an amount to proven at trial, plus an equal amount in liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## COUNT II
**(Violation of the District of Columbia Minimum Wage Act - D.C. Code § 32-1001 *et seq.*)**

47. Mr. Howard re-states and re-alleges the allegations contained in the preceding paragraphs.

48. Zentan did not properly compensate Mr. Howard for all hours Zentan required him to work and/or for all hours which Zentan permitted him to work with the actual or constructive knowledge of Zentan.

49. All of Mr. Howard's hours worked were in the District Columbia.

50. Zentan willfully required Mr. Howard to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

51. Zentan did not pay Mr. Howard one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

52. From September 13, 2016 through February 26, 2017, Mr. Howard worked approximately 294 hours of overtime, which amounts to $6,719.03 of uncompensated overtime wages.

53. By reason of the foregoing, Mr. Howard has been damaged and is due unpaid overtime wages in the amount of $6,719.03, or an amount to proven at trial, and treble damages, as well as reasonable attorneys' fees, interest, expenses, and costs under D.C. Statute § 32-1012.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Joshua Howard, respectfully requests the following relief against the Defendant, Kimpton Hotel & Restaurant Group, LLC, d/b/a Zentan Restaurant:

a. Plaintiff's unpaid wages in the amount of $6,719.03 or such amount as may be proven at trial;

b. Liquidated damages in the amount of $6,719.03 or such amount as may be proven at trial under the FLSA;

c. Treble damages in the amount of $13,438.06, or such amount as may be proven at trial as liquidated damages under the DCMWA;

d. Plaintiff's attorney's fees in this matter, including those recoverable under 29 U.S.C. § 216 and D.C. Code § 32-1308(a)(1)(A);

e. Plaintiff's costs in this matter; and

f. Pre-and post-judgment interest at the highest applicable legal or statutory rate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted,

_____
John C. Cook, (D.C. Bar No. 421528)
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
jcook@cookcraig.com
*Counsel for Plaintiff*