## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE is made and entered into as of the last date written beside the signatures below (the "Effective Date") by and between JOSHUA HOWARD ("Mr. Howard") and KHRG Donovan, LLC ("Kimpton"). Mr. Howard and Kimpton shall collectively be referred to herein as the "Parties."

### RECITALS

WHEREAS, Mr. Howard is a former employee of Kimpton; and

WHEREAS, on or about January 3, 2018 Mr. Howard filed a complaint in the United States District Court for the District of Columbia, alleging violations of the Fair Labor Standards Act against Kimpton (the "Action"); and

WHEREAS, without admitting any of the allegations made in the Action or conceding fault or liability in any way, the Parties wish to avoid the uncertainty and expense of further litigation; and

WHEREAS, in consideration of the covenants and mutual promises set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1.  Payment Terms: Upon full execution of this Agreement by the Parties hereto, the Kimpton shall pay the settlement amount of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) to Mr. Howard, which shall be paid to Mr. Howard's counsel, Cook, Craig & Frankuzenko PLLC at 3050 Chain Bridge Road, Suite 200, Fairfax, Virginia 22030. Mr. Howard agrees that the amount recited above shall serve as the sole monetary consideration for this Agreement, the sufficiency of which is acknowledged by the Parties hereto.

2.  Dismissal of the Action: Upon execution of this Agreement by all Parties, Mr. Howard shall file with the United States District Court for the Eastern District of Virginia, Alexandria Division, an Order of Dismissal with prejudice.

3.  Release and Discharge: Upon full execution of this Agreement and receipt of payment in full under paragraph 1 hereof, Mr. Howard agrees that he fully and forever releases, acquits, and discharges the Kimpton, Kimpton Hotel & Restaurant Group, LLC, LHO Tom Joad Circle DC Lessee, L.L.C. as well as each of their legal representatives, officers, insurers, attorneys, employees, agents, subsidiaries, parents and related entities, of and from any and all actions, causes of action, lawsuits, proceedings, claims, debts, obligations, duties, demands, damages, liabilities, losses, costs and expenses that were brought in the Action, whether known or unknown, whether at law or in equity, and whether based in tort, contract, or any other theory of recovery. It is understood and agreed by Mr. Howard that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, foreseen or unforeseen, which Mr. Howard ever had, now has, or hereafter may have against the

Releasees, including but not limited to all claims concerning or in connection with his employment with Kimpton, arising from the beginning of time through the date of execution of this Settlement Agreement and Mutual Release, other than claims for breach of this Settlement Agreement and Mutual Release.

Upon its execution of this Agreement, Kimpton, on behalf of itself and any of their legal representatives, officers, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, hereby fully and forever release, acquit and discharge Mr. Howard of and from any and all actions, causes of action, lawsuits, proceedings, claims, debts, obligations, duties, demands, damages, liabilities, losses, costs and expenses that were brought in the Action, whether at law or in equity, and whether based in tort, contract, or any other theory of recovery. It is understood and agreed by Kimpton that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, foreseen or unforeseen, which Kimpton and any related person or entity listed above ever had, now has, or hereafter may have against Mr. Howard, including but not limited to all claims concerning or in connection with the Action, arising from the beginning of time through the date of execution of this Settlement Agreement and Mutual Release, other than claims for breach of this Settlement Agreement and Mutual Release.

4. Confidentiality: The Parties agree that the terms of this Agreement shall be maintained as confidential and shall not be disclosed to anyone except their respective attorneys, financial advisers, accountants, tax advisers, or others as so required by law. In those cases where such disclosures are made, the disclosing party will inform the person or persons to whom disclosure is made of the obligation of confidentiality imposed by this paragraph. A violation of this obligation by the person or persons to whom disclosure is made shall be deemed a violation of this Agreement by the party who disclosed the information concerning this Agreement to such person or persons. The parties acknowledge that this provision is material to this Agreement, and a violation of this provision constitutes a breach of this Agreement. Each party shall notify the other immediately upon receipt of a court order, subpoena or other governmental request for information that may require disclosure of terms of this Agreement so that any party shall have the opportunity to intervene in a timely manner and assert what rights it may have prior to the time for compliance with the order, request or subpoena.

5. Entire Agreement: This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof, and may not be modified or amended except by a subsequent writing signed by the Parties.

6. Representations and Warranties of Capacity to Execute Agreement: The Parties each represent and warrant that they have not sold, transferred, assigned, conveyed, or otherwise disposed of their legal interests in the claims, demands, obligations, or causes of action which are the subject of this Agreement. Each signatory hereto represents that he or she has the right and authority to execute this Agreement and/or to receive the sums specified herein.

7.  Miscellaneous:

   a.  Counterparts: This Agreement may be executed in any number of separate counterparts, each of which counterparts, when so executed and delivered (including by electronic transmission), shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same binding Agreement; provided, however, that the counterparts' terms are identical to each other. This Agreement was entered into in the Commonwealth of Virginia, and its place of performance shall be deemed to be the City of Alexandria, Virginia.

   b.  Attorneys' Fees: The Parties agree that any dispute arising out of this Agreement which motivates a party to initiate a legal action to enforce the Agreement shall entitle the prevailing party in such action or proceeding to recover its provable damages and attorneys' fees.

   c.  Tax Matters: Mr. Howard's counsel shall submit a Misc. Form 1099 to Kimpton and to the Internal Revenue Service reflecting the lump sum he received under this Settlement Agreement.

   d.  Interpretation: This Agreement was negotiated at arms' length with each party having opportunity to receive advice from independent legal counsel. Only those rules of interpretation or construction of contracts in general shall apply. Each of the Parties hereto participated in negotiating and drafting this Agreement, and it is the intent of the Parties that no one party shall be deemed to be the drafter of this Agreement, or any of its provisions.

   e.  Governing Law and Forum: This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. Any lawsuit or other action brought by either party that involves or otherwise relates to the terms and conditions of this Agreement, including any action to enforce the terms hereof, shall be brought exclusively the state courts of the Fairfax, Virginia.

   f.  Severability: If any provisions of this Agreement are held invalid by a court of competent jurisdiction, such provisions shall be fully severable and such invalidity shall not affect the validity of any other provisions herein.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the last date entered beside their signatures set forth below.

[Remainder of page intentionally left blank]

5/16/18
Date

_[signature]_
Joshua Howard

5/23/18
Date

KHRG Donovan LLC,

By: _[signature]_
Print: Erik Travers
Title: Director of Operations